ELISEO and OLIVIA HERNANDEZ, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hernandez v. Commissioner
Docket No. 12690-79.
United States Tax Court
T.C. Memo 1980-114; 1980 Tax Ct. Memo LEXIS 468; 40 T.C.M. (CCH) 146; T.C.M. (RIA) 80114; April 14, 1980, Filed *468 Eliseo and Olivia Hernandez, pro se. David W. Johnson, for the respondent. FEATHERSTON
MEMORANDUM OPINION FEATHERSTON, Judge: Respondent determined a deficiency in the amount of $242 in petitioners' Federal income tax for 1976. The only issue is whether petitioners omitted income of $1,083, as received by petitioner Olivia Hernandez for services performed for the Texas Department of Public Welfare. Respondent has filed a motion for summary judgment. The Federal income tax return (Form 1040A) filed by petitioners for 1976 shows total gross income of $18,370.18. the Forms W-2 attached to the return show that petitioner Eliseo Hernandez received wages in the amounts of $7,739.85 from Weatherby Eng. Co. and $10,630.33 from Brown & Root, Inc. These were the only items of income reported by petitioners. Supporting the motion, an affidavit by an Administrative Assistant and Deputy Custodian of Records, Fiscal Division, Texas Department of Human Resources, states that the official records of the Texas Department of Human Resources (formerly the Texas Department of Public Welfare) in 1976 paid petitioner Olivia Hernandez $1,083 for services performed by her. *469 The social security number shown on the Texas Department of Human Resources' records is the same as that shown on petitioners' income tax return. Petitioners have filed no counter-affidavits or other response to respondent's motion. We note that the petition does not specifically deny the receipt of this unreported income but alleges: 5. The facts upon which the petitioner relies, as the basis of his case, are as follows: a. The respondent has no basis for income, expense, and tax. b. The respondent has no documentation of income, expenses, and loans. c. Payment of income tax is a violation of the rights of petitioner under the first amendment to the U.S. Constitution. d. The allegations of respondent are in violation of rights of petitioner under the fourth and fifth amendments to the U.S. Constitution. We conclude that there is no genuine issue between the parties as to any material issue of fact and that, therefore, respondent's motion for summary judgment should be granted. To reflect the foregoing, An appropriate order will be issued and a decision will be entered for the respondent.